IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD ROBBEN,

    Plaintiff,

  vs.

EL DORADO COUNTY, et. al.,

    Defendants.

No. 2:16-cv-2698-JAM-CMK-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  The only reason plaintiff provided for the appointment of counsel is due to the number of cases he has filed.  This reason is not sufficient to show exceptional circumstances.  This case involves claims of malicious prosecution, which are fairly straightforward and not particularly complex, either legally or factually.  There is nothing in plaintiff's motion or other filings indicate he is unable to comprehend these proceedings, and based on the filings in the case thus far, it would appear plaintiff has the ability to articulate his claims.  Finally, as to the merits of plaintiff's case, as will be addressed by separate order, this action is likely barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Therefore, at this time, the undersigned cannot find there is a reasonable likelihood that plaintiff will be successful on the merits of his case at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 6) is denied.

DATED:  September 19, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE