IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD CHRISTIAN ROBBEN,

Plaintiff,

v.

EL DORADO COUNTY, et al.,

Defendants.

No. 2:16-CV-2698-JAM-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Vern Pierson, the District Attorney for El Dorado County; (2) Dale Gomes; (3) Mike Pizzuti; and (4) the El Dorado County District Attorney's Office. Plaintiff claims defendant Pierson abused his office to carry out a personal vendetta by using false evidence and testimony to initiate two criminal cases against him. See Doc. 1, p. 3 (plaintiff's complaint). According to plaintiff, he has filed "an appeal and petition for habeas corpus to reverse the convictions." Id. Plaintiff does not state the outcomes of those cases.

## II. DISCUSSION

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

To the extent plaintiff alleges misconduct on the part of defendants that resulted in criminal convictions, success on the merits of the instant civil rights action would necessarily imply the invalidity of one or both of those convictions. While plaintiff states that he has filed an appeal and habeas corpus action concerning the convictions, he does not state in the complaint that the convictions were set aside or otherwise invalidated such that this action can proceed.

On November 2, 2018, the court advised plaintiff of the foregoing and provided plaintiff an opportunity to file an amended complaint "to allege additional facts relating to the appeal and habeas action." See Doc. 21 (November 2, 2018, order). Plaintiff was provided 30 days in which to file an amended complaint and cautioned that failure to do so could result in dismissal of the entire action. In response to the court's order, plaintiff filed a document entitled "Plaintiff's Motion to Stay Motion for Order to Produce Records" (Doc. 22). Plaintiff did not file an amended complaint. In his filing, plaintiff states that he has two habeas corpus action pending in this court, neither of which has resulted in an invalidation of his criminal sentence. Specifically, plaintiff states he is ". . .currently waiting for his appeal or habeas to prevail to vacate the conviction." Because plaintiff's criminal conviction has not been set aside, and because success on the merits of plaintiff's current civil rights claims would necessarily imply the invalidity of the criminal sentence, the current action must be dismissed as Heck-barred.

/ / /

/ / /

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed without leave to amend for failure to state a cognizable claim and that all pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 6, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE